UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| J.P. CAREY LIMITED PARTNERS L.P., <br><br> **Plaintiff** <br><br> v. <br><br> **DAVID ROBERT FAIR,** <br><br> **Defendant** | No: 1:25-cv-00214-KK-SCY |

### AMENDED COMPLAINT FOR SECURITIES FRAUD AND FRAUD IN THE INDUCEMENT

Plaintiff J.P. Carey Limited Partners L.P. ("J.P. Carey") by its attorneys Sutin, Thayer & Browne A Professional Corporation, and PULLP (pro hac), respectfully allege as follows for its Amended Complaint (the "Complaint") against Defendant David Fair individually, for securities fraud, and fraud in the inducement of an investment and note agreement.

### SUMMARY

1. Plaintiff brings this action as an entity who was fraudulently induced to make a series of investments into company Third Bench Inc., formerly known as New America Energy Corp., based on material misrepresentations and omissions made by the individual defendants.

2. David Fair is an individual residing in the state of New Mexico at 3711 Paseo Del Norte NE, Albuquerque, NM 87113-1522.

### JURISDICTION

3. This is a civil action arising under Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b); under Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240-10b-5.

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337(a); under Section 27 of the Exchange Act, 15 U.S.C. § 78aa; and under principles of supplemental jurisdiction because Plaintiffs state law claims form part of the same case or controversy.

5. Venue in this Court exists under 28 U.S.C. § 1391 as Defendant David Fair is a resident of Albuquerque, NM, and participated in multiple fraudulent acts, including but not limited to concealing the involvement of David Rees. Further, Defendant Fair conducted business related to Plaintiffs from New Mexico.

## FACTS

6. In 2021, David Rees approached Joseph Canouse, of J.P. Carey Limited Partners, L.P.

7. Rees acted as if he was an introducing party and introduced J.P. Carey to David Fair and his company.

8. Rees did not disclose the nature or extent of his involvement in Third Bench Inc. or Third Bench Holdings, Inc. (collectively "Third Bench")

9. Based on representations made by Third Bench and Fair, a deal was structured so that J.P. Carey would enter a series of secured convertible note agreements.

10. Fair fraudulently concealed David Rees' interest in Third Bench.

11. Fair also made material omissions as to David Rees' criminal record and history of securities fraud.

12. As a result, Plaintiff was induced to enter loan agreements with Third Bench.

13. Third Bench has now defaulted on its loan payments.

14. But for Fair's material misrepresentations and omissions, Plaintiff would not have entered said Note Agreements.

### A. DAVID REES IS A CRIMINAL AND SECURITIES RECIDIVIST

15. David Rees is an attorney who was admitted in the State of New York to practice law in 1994 and admitted to practice in the State of Utah in 1996.

16. However, Rees' New York license was suspended in 2010.

17. Rees' suspension was never disclosed to Plaintiff.

18. On December 14, 2020, the United States Attorneys' Office for the District of Arizona filed a felony criminal complaint against David Rees for Conspiracy to Defraud the United States Government, Securities Fraud, Wire Fraud, Transactional Money Laundering, Concealment Money Laundering, and Aggravated Identify Theft. *See* Case No. 2:21-cr-00266.

19. On November 23, 2023, the Securities and Exchange Commission issued an Order of Forthwith Suspension pursuant to Rule 102(e)(2) of the commission's rules of practice.

20. The allegations against Rees included fraudulently converting stock into unrestricted stock by authoring opinion letters falsely attesting that shares should be unrestricted, as well as hiring parties to falsely promote stock in order to sell stock at an inflated price.

21. On October 12, 2021, Rees pled guilty to conspiracy to commit securities fraud, wire fraud, money laundering and aggravated identity theft for his participation in a scheme with co-defendant to engage in fraudulent microcap stock transfers using "stock nominees.

22. On October 24, 2022, Rees was disbarred from the practice of law.

23. The case was ongoing until July 24, 2023, when Rees entered a plea agreement, and was sentenced by the United States District Court.

24. This was never disclosed to Plaintiff prior to its initial investment with Third Bench.

25. Fair willfully and knowingly withheld this material information when inducing Plaintiff to invest into the company.

26. But for this material omission, Plaintiff would not have invested in Third Bench.

27. On November 16, 2023, Rees was formally suspended by the Securities and Exchange Commission pursuant to Rule 102(e)(2).

**B. DEFENDANT CONCEALED REES' INVOLVEMENT AND CONTROL**

28. David Rees is a control person with an ownership interest in Third Bench Holdings, LLC and Third Bench Inc.

29. Rees' rights, control and ownership are shielded through a complicated web of corporations intended to shield his identity.

30. Until he was disbarred, David Rees owned and operated Vincent & Rees LLP, a law firm, with its principal place of business located at 175 S. Main Street, Suite 1410, Salt Lake City, UT 84111.

31. According to Third Bench Inc.'s Disclosure Statement (for the period ending November 30, 2023) Third Bench's principal executive office and principal place of business is located at 175 S. Main Street, Suite 1410, Salt Lake City, UT 84111.

32. Third Bench Inc. is the parent company of subsidiary Third Bench Holdings, LLC.

33. Third Bench Holdings, LLC's "secondary principal place of business" is located at 175 South Main Street, Ste 1410, Salt Lake City, UT 84111.

34. David Rees is listed as an owning member of Third Bench Holdings, LLC.

35. Third Bench Holdings, LLC has 5 subsidiaries, including: Las Cruces Cabinets, LLC dba Sher-wood Cabinets (Utah), LL Industries, Inc., dba Davis Kitchens (Arizona), Santa Fe Flooring LLC dba OGB Architectural Millwork (Utah), MK Industries LTD, dba Davis Kitchens (Arizona), and KMT Resources dba More Window and Door.

36. Las Cruces Cabinets, LLC is a Utah Domestic LLC.

    a. David Rees is listed as the Agent and Registered Agent of Las Cruces Cabinets, LLC, at address 175 South Main Street, Ste 1410, Salt Lake City, UT 84111.

    b. The Principal Address of Las Cruces Cabinets, LLC is also listed as 175 South Main Street, Ste 1410, Salt Lake City, UT 84111.

37. L.L. Industries, Inc. is an Arizona LLC.

    a. The current directors and officers of L.L. Industries include David Fair, director and president, and Rees' girlfriend, Melissa Handley, secretary and director.

      b. In October of 2022, David Rees was removed as director of the company and secretary of the company and replaced by his girlfriend, Melissa Handley.

38. Santa Fe Flooring LLC is a Utah LLC.

      a. David Rees is both a member and officer/agent of Santa Fe Flooring.

39. David Rees has an ownership interest in Third Bench Inc. through a company owned by Rees' girlfriend, Melissa Handley.

40. Okane Enterprises, LLC, owned by Rees' girlfriend, Melissa Handley, owns 60% of the Series B Stock in Third Bench, Inc., 5% of Third Bench, Inc.

41. Okane Enterprises, LLC's Registered Agent is listed as Vincent & Rees, located at 175 South Main Street, Ste 1410, Salt Lake City, UT 84111.

42. David Fair was appointed Chief Executive Officer of Third Bench (f/k/a New America Energy Corp.) in November of 2021, formerly the CEO of Third Bench Holdings, LLC.

43. David Rees acted as a control person and member of Third Bench, including participating in and soliciting investments for a Regulation A offering.

44. David Fair knowingly and willfully withheld the true nature of the involvement by David Rees in Third Bench and Third Bench Holdings, LLC, as well as his criminal history and prior securities fraud violations.

45. David Fair actively hid Rees' involvement from the public company, misleading Plaintiff to induce it to invest.

46. David Rees' name appears nowhere on the Edgar filings for New America or Third Bench despite being the co-founder and owner of its subsidiaries and affiliates.

47. On July 20, 2021, Third Bench Holdings, Inc.'s members David Fair and Melissa Handley executed a Share Exchange Agreement.

48. Pursuant to the Share Exchange Agreement, 100% of the membership units in Third Bench Holdings were assigned to Third Bench, Inc. (New America Energy Corp.)

49. In exchange, 511,000 shares of Series B Preferred Stock of Third Bench Inc. were issued to Okane Enterprises (Melissa Handley) (60%), and David Fair (40%). These shares possessed voting rights in the company.

50. The agreement contained a "Bad Actor Disqualification" stating that none of the members, Holdings, or its predecessors, affiliated issuers, directors, executive officers, or beneficial owner of 20% or more of the Member's securities, is subject to the Bad Actor disqualification.

51. However, upon information and belief, David Rees was an owner of Holdings or its predecessors, as well as a director, officer, and owner of various affiliated subsidiaries at the time of the agreement.

52. David Rees would have been subject to the bad actor disqualification.

53. Fair failed to make the requisite bad actor disclosures in connection with the offering.

## COUNT I
## SECURITIES FRAUD

54. Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

55. By engaging in the conduct alleged in detail above and in the Facts sections of this Complaint, incorporated by reference herein, Defendant, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, knowingly or with severe recklessness:

    a. Employed a device, scheme or artifice to defraud; and/or

    b. Made an untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

    c.    Engaged in an act, practice or course of business which operated or would operate as fraud or deceit on any person.

59.    Defendant's actions constitute a violation(s) of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

60.    Plaintiff has suffered damages as a direct result of Defendant's fraudulent conduct, in an amount to be proved at trial but in any event more than $1,500,000.

**COUNT II**
**FRAUD**

61.    Plaintiff incorporates by reference each and every allegation contained in paragraphs above.

62.    As set forth above, Defendant made materially false statements and omissions while soliciting Plaintiff to enter note agreements with Third Bench. This includes, without limitation, Fair's failure to disclose Rees' involvement and ownership interest in the companies, active concealment of his interest in the company, failure to make bad actor disclosures, failure to disclose his criminal history and securities fraud.

63.    Defendant knew the falsity of his misrepresentations and/or omissions.

64.    By providing these false misrepresentations and omissions, Fair intended to defraud Plaintiff in connection with its investment.

65.    Plaintiff has and will continue to suffer damages caused by detrimental but reasonable reliance on these fraudulent corporate documents, and material omissions, namely, the loss of J.P. Carey's investment since Third Bench is now in default and contempt of a Court order, which Third Bench (through Fair) is actively violating.

66.    Plaintiff has suffered damages as a direct result of Defendant's fraudulent conduct, in an amount to be proved at trial but in any event more than $1,500,000.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff J.P. Carey respectfully requests that this Court enter judgment in its favor against Defendant as follows:

1. Compensatory damages in an amount to be determined at trial, but not less than $1,500,000.

2. Punitive damages to deter Defendant engaging in similar fraudulent conduct.

3. Attorneys' fees, costs and expert expenses incurred in pursuing this action as permitted by law. And such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SUTIN THAYER & BROWNE
A Professional Corporation

By: _____
        Christina Muscarella Gooch
PO Box 1945
Albuquerque, NM 87103-1945
(505) 883-2500
tmg@sutinfirm.com

-and-

PULLP


By: */s/ Jon Uretsky*
        Jonathan Uretsky
111 Broadway - 8th Floor
New York, New York  10006
(212) 571-1255
*Pro hac vice*

*Attorneys for Plaintiff*

7400036

8